# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| VINCENT THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **3:14-cv-00164-PPS-CAN** |
| | ) | |
| ROBERT ZONDER, ROBERT STRADER, CITY OF MICHIGAN CITY, and AMALGAMATED UNION TRANSIT, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Vincent Thomas, initially representing himself, filed a complaint alleging that he was fired as a bus driver for Michigan City, Indiana, because of his race or age. This case has been on my docket for a long time as the Court has tried to clear up filing mistakes that made it unclear which document was the operative Complaint. Now Thomas seeks to voluntarily dismiss with prejudice all of the defendants except Michigan City. (Docket Entry 45.) Michigan City, in turn, seeks dismissal of the remaining case against it for failure to state a claim, making three procedural arguments. (DE 50.) Because Thomas's unopposed motion streamlines and clarifies the case it will be granted, and Defendants Robert Strader, Robert Zonder, and Amalgamated Transit Union will be dismissed from the case. Michigan City's motion to dismiss will be granted in part and denied in part, as explained in this Opinion and Order.

Thomas's voluntary dismissal with prejudice of three of the four named defendants requires little discussion. The motion to dismiss indicates that Thomas decided to file it based on advice from his counsel. (DE 45 at 2.) The defendants do not object. (*Id.*) The motion is therefore **GRANTED**. (DE 45.) Zonder is dismissed from the case, so his motion to dismiss is **DENIED AS MOOT**. (DE 43.)

Michigan City, now the only remaining defendant, seeks dismissal of the case against it. (DE 50.) Thomas was hired as a city bus driver in September 2007. Starting around November 5, 2012, he alleges he was subjected to discrimination based on his age or race, culminating in his firing on January 28, 2013. Thomas filed a charge of race and discrimination with the Indiana Civil Rights Commission (the "EEOC charge") on September 18, 2013. The EEOC issued Thomas a right-to-sue letter on October 31, 2013. In the current case Thomas alleges "violations of Title VII of the Civil Rights Act of 1964 ('Title VII'), as amended, 42 U.S.C. §§ 2000e et seq.; the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ('Section 1981'); and the Age Discrimination in Employment Act ('ADEA'), as amended, 29 U.S.C. §§ 621 et seq." (DE 46 at 1.)

Michigan City's threefold arguments for dismissal at this point relate to timeliness and prerequisites to federal suit. Michigan City argues that (1) the complaint against it is untimely because the first operative complaint naming it as a defendant was filed after the statute of limitations period had run after the issuance of the EEOC right-to-sue letter; (2) the prerequisite EEOC charge for the age discrimination claim was untimely, so Thomas's age discrimination claim is barred; and (3) Thomas has never

filed a discrimination claim with the EEOC against Michigan City itself, which is a prerequisite to filing suit, so Thomas can't sue Michigan City for his Title VII race discrimination claim. I'll take up each argument below.

Michigan City's first argument stems from the issues surrounding the filing of the *pro se* complaint which I alluded to before. Thomas initially filed four separate complaints on January 29, 2014, one against each defendant. This was exactly 90 days after the EEOC issued Thomas a right-to-sue letter on October 31, 2013, making the case timely filed. The complaint naming Zonder was at the top of the January 2014 pile, and the Clerk of Court filed that as the operative complaint, apparently assuming that the other documents were hand-copies of the same document. Thomas then served on each defendant the version of the complaint directed against that defendant. That error has been corrected, and the docket contains a single operative amended complaint against Michigan City, now the only defendant after Thomas's unopposed motion to voluntarily dismiss the other defendants. (DE 46.) Michigan City argues that no case was filed against it within the 90-day period allotted for suing after the EEOC issued the right-to-sue letter, *see Dandy v. UPS*, 388 F.3d 263, 270 (7th Cir. 2004) (citing 42 U.S.C. § 2000e-5(f)), so the claims against it aren't timely and must be dismissed. Michigan City argues that there is no basis for equitable tolling.

Equitable tolling is irrelevant here, and Michigan City's first argument is unavailing. Michigan City didn't mention Federal Rule of Civil Procedure 15(c), addressing relation back, which is directly apropos. That rule allows relation back of an

3

amended complaint changing a defendant or defendant's name where the "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading," and where the new defendant got notice of the action within 120 days after the action was filed, and where the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Michigan City filed a motion for extension of time to answer on February 18, 2014, then filed its first motion to dismiss on March 19, 2014. It knew the case was intended to be filed against it, and it defended the case well within 120 days of the case being filed. The case that Michigan City relies on, *Baldwin Cnty. Welcome Cntr. v. Brown*, 466 U.S. 147 (1984), is distinguishable because in *Baldwin* no complaint at all was filed within 90 days of the issuance of the right-to-sue letter. Thomas, on the other hand, filed too many complaints, but at least one federal case was filed in time, and has always been deemed filed in time by this Court. Michigan City knew that it was being sued from the get-go, and knew what it was being sued for, and by whom. Michigan City's first ground for dismissal is therefore denied.

Next Michigan City argues that Thomas's age discrimination claim was time-barred even if the Court finds that the amended complaint relates back (as I have done). In short, Thomas filed his EEOC charge more than 180 days after the alleged age discrimination ended, making it untimely. In his response Thomas concedes this point and says that he "abandons Count II of the Amended Complaint." (DE 52 at 3.)

4

Michigan City's motion to dismiss the claim of age discrimination will therefore be granted, and Count II of the amended complaint will be dismissed.

Finally, Michigan City argues that Thomas couldn't sue it for Title VII race discrimination without first filing a discrimination claim *against it* with the Equal Employment Opportunity Commission, which he didn't do. *See, e.g.*, *Hampton v. Ford Motor Co.*, 561 F.3d 709, 715 (7th Cir. 2009) ("filing a charge with the EEOC is a prerequisite to bringing a federal action, *see* 42 U.S.C. § 2000e-5(b)"). Michigan City says Thomas's Title VII claim is therefore barred. (There is no dispute that Thomas's § 1981 race claim is not subject to prior EEOC filing, that a four-year statute of limitations applies, and that this claim is timely. (DE 55 at 1-2.) *See, e.g.*, *Tyson v. Gannett Co.*, 538 F.3d 781, 783 (7th Cir. 2008).) Thomas filed a timely race discrimination charge with the EEOC that named "Michigan City Transit" as Thomas's employer and the offending party, but the charge didn't say "City of Michigan City."

Thomas argues that "Michigan City Transit" and "Michigan City" are interchangeable as far as the requirements of the EEOC charge go:

> On the face of the Charge, Thomas identifies his employer as "Michigan City Transit" with the employer's contact information specified as 1801 Kentucky Street, Michigan City, IN 46360, (219) 873-1502. Michigan City Transit is a d/b/a of Michigan City and the contact information listed on the transit department page of the Michigan City, Indiana official web site perfectly matches the contact information provided on the face of the Charge. [Exhibit 1 and 2]. Notably, the EEOC addressed all correspondence intended for the Respondent to Thomas' Charge to the City of Michigan City, Indiana. [Exhibit 3].

5

> Further, Michigan City uses the term "Michigan City Transit" or "MC Transit" on its web site and various official documents related to its transit employees like Thomas and in communications with its partners, constituents and customers. [See e.g., Exhibit 4]. It is simply disingenuous for Michigan City to argue that Thomas' Title VII claims should be dismissed because the EEOC Charge utilized the interchangeable d/b/a term "Michigan City Transit" rather than "Michigan City, Indiana" to identify the Respondent to the Charge filed by Thomas against his employer.

(DE 52 at 3-4.)

Michigan City doesn't appear to contest this issue in its reply, instead limiting its reply to the relation back issue that I denied above (although the reply, like the initial brief in support of the motion, completely ignores the concept of relation back and the existence of Rule 15). Michigan City's reply only discusses the defendants named (or not named) in the complaint and the amended complaint, argues that *Baldwin* should control, and concludes by saying: "[The age discrimination claim should be dismissed.] Additionally, all race discrimination claims made under Title VII must be dismissed as untimely due to the plaintiff's failure to name the City of Michigan City as a defendant prior to October 14, 2014." (DE 55 at 3.)

Regardless of whether Michigan City has waived the argument by failing to dispute it in its reply, the Seventh Circuit has recognized an exception to the EEOC-charge prerequisite in situations just like this one:

> The requirement that a party be named in the EEOC charge is not jurisdictional, and it is subject to defenses such as waiver and estoppel. The purpose of requiring the complaint to match the EEOC charge is to give the employer some warning of the conduct about which the employee is aggrieved and afford the EEOC and

6

>the employer an opportunity to attempt conciliation without resort to the courts. Therefore, we have recognized an exception to the rule where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings.

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (citations, quotation marks, brackets omitted). That is exactly what happened here. Although Thomas's EEOC charge identified the discriminating entity as Michigan City Transit (DE 52-1 at 1; DE 1 at 6), the EEOC's Notice of Charge of Discrimination was addressed to The City of Michigan City, Indiana (DE 52-3 at 2; DE 1 at 5), and the subsequent right-to-sue letter issued to Thomas was copied to The City of Michigan City, Indiana (DE 52-3 at 1; DE 1 at 4). So the EEOC read Thomas's charge as alleging discrimination against Michigan City, Michigan City had adequate notice of the EEOC charge, and Michigan City had the same opportunity to participate in pre-suit conciliation proceedings as it would have had if Thomas had written "Michigan City" rather than "Michigan City Transit" on his EEOC charge form. Michigan City's argument for dismissal of Thomas's Title VII race discrimination claim based on failure to complete a prerequisite to suit is therefore denied.

**FOR THE FOREGOING REASONS** I hereby:

(1) **GRANT** Thomas's motion to voluntarily dismiss Defendants Robert Strader, Robert Zonder, and Amalgamated Transit Union under Fed. R. Civ. P. 41(a)(2) **(DE 45)**, and **DIRECT** the Clerk of Court to denote the matter as terminated against those defendants;

(2) **DENY AS MOOT** Defendant Zonder's motion to dismiss this case against him **(DE 43)** due to Zonder's dismissal from the case pursuant to Thomas's unopposed motion to voluntarily dismiss certain defendants including Zonder (*see* DE 45 at 2); and

(3) **GRANT IN PART AND DENY IN PART** Defendant City of Michigan City's motion to dismiss for failure to state a claim, dismissing Count II charging age discrimination, but retaining Count I alleging race discrimination under both Title VII and Section 1981. **(DE 50)**

**SO ORDERED.**

ENTERED: June 9, 2015

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**